UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAYNE BALES (f/k/a RAYNE AHO), an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>ADA COUNTY, a county and body politic and corporate in the State of Idaho; CANYON COUNTY, a county and body politic and corporate in the State of Idaho; CITY OF BOISE, a municipality organized under the laws of the State of Idaho; MARK FURNISS, individually and in his official capacity as an employee of the City of Boise; ERIC URIAN, individually and in his official capacity as an employee of the City of Boise; ROBERT GALLAS, individually and in his official capacity as an employee of the City of Boise; MICHAEL MASTERSON, in both his official capacity as the City of Boise Police Chief, and Individually; GARY RANEY, both in his official capacity as the Ada County Sheriff and Individually; KIERAN DONAHUE, both in his official capacity as the Canyon County Sheriff and Individually; MELINDA CHYNOWETH, individually and in her official capacity as an employee of Canyon County; DOES I-XX, in their individual and official capacities,<br><br>    Defendants. | Case No. 1:15-cv-00299-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**MEMORANDUM DECISION AND ORDER - 1**

# INTRODUCTION

The Court has before it a motion for extension of time filed by plaintiff Rayne Bales and a motion to dismiss filed by defendants City of Boise, Mark Furniss, Eric Urian, Robert Gallas, and Michael Masterson. As explained below, the Court will grant the motion for an extension of time and reserve ruling on the motion to dismiss.

# BACKGROUND

Plaintiff Rayne Bales claims that the City and its police officers violated her constitutional rights when they arrested and jailed her on the mistaken belief she was violating several No Contact Orders (NCOs). In fact, the NCOs had been dismissed eight months before Bales's arrest on August 4, 2013.

Bales brings claims for (1) unlawful search and seizure under 42 U.S.C. § 1983; (2) unlawful search and seizure under state law; (3) excessive force under 42 U.S.C. § 1983; (4) negligence under state law; (5) false arrest and imprisonment under state law; and (6) failure to adequately train and supervise under 42 U.S.C. § 1983. Pursuant to Idaho Code § 6-610, Bales was required to post a bond as a condition of suing the City's police officers. This case was filed on August 3, 2015, but the plaintiff has never filed the required bond. Defendants seek dismissal on that basis.

# ANALYSIS

Before a plaintiff may file any civil action against a law enforcement officer for state law claims arising out of the performance of the officer's duties, the plaintiff must post bond under Idaho Code § 6-610. *See, e.g.*, *Timothy v. Oneida Cnty*, 2014 WL 4384348, at *1 (D. Idaho Sept. 3, 2014). This is a condition precedent to filing suit. *See*

**MEMORANDUM DECISION AND ORDER - 2**

Idaho Code § 6-610(2). If the plaintiff fails to post bond, the Court "shall dismiss the case." *Id.* § 6-610(5).

Bales does not assert that the bonding requirement is inapplicable and she does not seek a waiver due to indigency. Instead, her counsel filed an affidavit signed by counsel's receptionist – Brandy Austin – who states that she was unable to find any bonding company that would write a bond for this purpose. *See Austin Affidavit (Dkt. No. 29-1)* at ¶¶ 3-10. Receptionist Austin attaches an email she received from a Janet Holthaus with Allied Bonding stating that the problem lies in the statute's requirement that plaintiff file "a written undertaking with at least two (2) sufficient sureties in an amount to be fixed by the court." Holthaus claims that the requirement that bonds be posted by two sufficient sureties results in "what we call 'splitting surety'" which is apparently frowned upon by the insurance industry, making such a bond unavailable.

The Court is highly skeptical. With all due respect to Holthaus and receptionist Austin, the Court has been handling lawsuits against police officers for more than 20 years and has never encountered this impossibility argument. Counsel have either filed their bond or established indigency. Perhaps counsel needs to confer with other counsel experienced in this area. Or perhaps the insurance industry has gone through a dramatic change recently. But the current record does not contain sufficient expert testimony from either an experienced and independent civil rights attorney or an official from the insurance industry to convince the Court that the industry has undergone such a change as to make compliance with Idaho Code § 6-610 impossible. The Court will give Bales thirty days to supplement the record or face dismissal of the case. The Court will reserve

**MEMORANDUM DECISION AND ORDER - 3**

ruling on the motion to dismiss until the Court can examine what Bales submits in response to this decision.

## ORDER

Pursuant to the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for extension of time (docket no. 19) is GRANTED. Within 30 days from the date of this Order, the plaintiff shall either comply with the bonding requirement or file sufficient expert testimony from either an experienced and independent civil rights attorney or an official from the insurance industry to explain why after many years when bonds were available, it is now impossible to comply with Idaho Code § 6-610.

IT IS FURTHER ORDERED, that the Court will reserve ruling on the motion to dismiss (docket no. 27) until the Court examines whatever the plaintiff files in response to this decision.

DATED: March 31, 2016

B. Lynn Winmill
Chief Judge
United States District Court