Susan Lynn Mimura
V. Renee Karel
Terry K. Martin
SUSAN LYNN MIMURA & ASSOCIATES, PLLC
ATTORNEYS AT LAW
3451 E. Copper Point Drive, Suite 106
Meridian, Idaho 83642
Telephone:  (208) 286-3140
Facsimile:  (208) 286-3135
Idaho State Bar Nos. 3033, 3475
slm@idahoattys.com
*Attorneys for Petitioner*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAYNE BALES (f/k/a RAYNE AHO), an individual,<br><br>            Plaintiff,<br><br>vs.<br><br>ADA COUNTY, a county and body politic and corporate in the State of Idaho; CANYON COUNTY, a county and body politic and corporate in the State of Idaho; CITY OF BOISE, a municipality organized under the laws of the State of Idaho; MARK FURNISS, individually and in his official capacity as an employee of the City of Boise; ERIC URIAN, individually and in his official capacity as an employee of the City of Boise; ROBERT GALLAS, individually and in his official capacity as an employee of the City of Boise; MICHAEL MASTERSON, in both his official capacity as the City of Boise Police Chief, and Individually; GARY RANEY, both in his official capacity as the Ada County Sheriff and Individually; KIERAN DONAHUE, both in his official capacity as the Canyon County Sheriff and Individually; MELINDA CHYNOWETH, individually and in her official capacity as an employee of Canyon County; DOES I-XX, in their individual and official capacities,<br><br>            Defendants. | **Case No. 1:15-cv-00299-BLW**<br><br>**PLAINTIFF'S**<br>**DISCOVERY PLAN**<br><br>**[F.R.C.P. 26(f)(3)**<br><br>**JUDGE:  Hon. B. Lynn Winmill**<br><br>**SCHEDULING CONFERENCE**<br>**Date:** 7/7/2016<br>**Time:  9:30 a.m.**<br>**Courtroom:  Telephonic**<br><br>**Discovery Cutoff:    N/A**<br>**Pretrial Conference:  N/A**<br>**Trial Date:  N/A** |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

I.    PRESERVATION

    A.  **Preservation and Proportionality**: The parties have applied the proportionality standard in Rule 26(b)(1) to determine what information should be preserved and what information should not be preserved.

    B.  **Electronically Stored Information (ESI)**:  With regard to ESI, the parties agree that

        i.    **Date Range:**   Only ESI created or received between August 4, 2013 at 12:00 a.m to August 5, 2016 at 12:00 p.m.

        ii.   **Scope of Preservation:**

           a.  Preserve the following types of ESI:  1) emails; 2) text communications; and 3) electronic data from Computer Aided Dispatch or Records Management System, that would indicate officers relating to arrest of Plaintiff and her eventual arrest, including, but not limited to, which officers reported or contacted citizens by phone, in Public Safety Building or on Barrister Drive in Boise, Idaho at the Ada County Jail. telephonic communications (to wit voicemails).

           b.  From the Following Custodians or Job Titles:  ESI created or received between parties Mark Furness, Eric Urian, Robert Gallas, Stanton Niccolls, Michael Masterson, these parties and

any other members of the Boise Police Department, these parties and any Canyon County employee or Ada County employee which related in any fashion to the arrest, jailing or release of Plaintiff Rayne Bales (f/k/a/ Rayne Aho).

c.  From the following Systems, Servers, or Databases:  Boise City Servers or Databases, Boise City Police Department Servers or Data Bases, personal cell phones as provided by the City of Boise to the those individual cited in paragraph I.B, ii, b., and videotape recording devices depicting custodial facilities, jail facilities or lobbies of those facilities.

II.     INITIAL DISCLOSURES

A.  Pursuant to Rule 26(a), initial disclosures were provided on the following dates:

1.  Plaintiff on 5/6/2016

2.  Defendants on (pending)

B.  The parties agree to modify the deadlines in Rule 26(a) to allow the initial disclosures to be provided on the following dates:

1.  Plaintiff – completed

2.  Defendant 7/1/2016

III.    SCOPE OF DISCOVERY

A. **Scope:**  Discovery is necessary for the following subjects/issues:

FOR PLAINTIFF

1. Basis of arrest of the Plaintiff;

2. Access of the arresting officer to network systems providing access to verified court records;

3. The time which the City of Boise or its representatives were provided with certified court documentation demonstrating that the no contact order in place against this Plaintiff had been rescinded;

4. The elapsed time between the presentation of documentation/evidence demonstrating that the no contact order in place against Plaintiff had been rescinded and her release from custody;

5. The on duty personnel of the City of Boise Police Department during the time of the arrest on August 5, 2013;

6. The on duty personnel of the City of Boise Police Department during the time which the Plaintiff was incarcerated until her release from Ada County Jail, on or about August 4, 2013.

7. Communications between the parties hereto employed by the City of Boise not only among themselves, but their superiors, and other City of Boise officials, (including Risk Manger, Mayor's Office and Ombudsmans Office, Ada County Sheriff or other jail personnel, personnel of Ada County  Idaho Sheriff's or other officials, and the Canyon County Idaho Prosecutors and Sheriff's officials.

PLAINTIFF'S DISCOVERY PLAN
BALES V. ADA COUNTY, ET AL.
Case No. 1:15-cv-00299-BLW

4

FOR DEFENDANT

1. Probable cause for the arrest of Plaintiff

2. Available information systems to confirm the contention of Plaintiff that the no contact order issued against her had been rescinded; and

3. The reasonable of the elapsed time between the Plaintiff's arrest and her release after it was determined the no contact order issued against her had been rescinded by the Court.

IV.    DISCOVERY BOUNDRY

A. **Limits:** The parties agree to limit the number of discovery tools as follows:

1. Depositions          10 per side

2. Interrogatories      As provided in the Federal Rules of Procedure, except as additionally ordered by this Court.

3. Requests for Production:  As provided in the Federal Rules of Procedure, except as additionally ordered by this Court.

V.    ESI

1. It is believed that, although there is ESI, primarily in the hands of the Defendants, the amount of ESI which will be sought will not create significant cost or burden upon the party providing that ESI. The ESI sought by the Plaintiff will be limited in the number of key custodians, reflects a creation date two(2) years prior to filing covering only a window of time of two (2) full days, and the time required to complete the search related to these limited custodians over a very small

window of the time can be conducted expediently, effectively,  and in good faith. The parties agree to provide/produce any ESI in PDF format, which is searchable. The parties further agree to utilize as a search methodology a keyword search application and a date/time application.

2.  The parties further agree that they will share their search methodology for responding to requests for production of ESI.

3.  On or before July 30, 2016, the parties agree to exchange lists identifying (1) likely email custodians, and (2) a specific identification of the, not more than fifteen (15),  listed custodians in view of the pleaded claims and defenses.

4.  Each party may propound up to five (5) written discovery requests and take one (1) additional deposition per producing part to identify the proper custodians, proper search terms, and proper time frame for the email production request.  This Court may allow additional discovery upon a showing of good cause by either party.

5.  The email request shall identify the custodian, search terms and time frame.  The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame.

6.  As to the email custodians, each requesting party shall limit its email production request to a total of eight (8) custodians per producing party for all such requests. The parties may, however, jointly agree to modify this limit without the Court's leave to do so.

PLAINTIFF'S DISCOVERY PLAN
BALES v. ADA COUNTY, ET AL.
Case No. 1:15-cv-00299-BLW

6

7. As to limits on email production requests, each requesting party shall limit its email production request to a total of twelve (12) keyword search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The keyword search terms shall be narrowly tailored to particular issues. Indiscriminate terms are inappropriate unless combined with narrowing search criteria that sufficiently reduces the risk of over population of the search result.

VI.    DEADLINES

1. Discovery deadlines are governed by the stipulated Litigation Plan (Docket #40).

Dated: July 1, 2016                              Respectfully submitted:

SUSAN LYNN MIMURA & ASSOCIATES

Terry K. Martin,
Attorney for Plaintiff Rayne Bales (f/k/a/ Rayne Aho)

PLAINTIFF'S DISCOVERY PLAN
BALES v. ADA COUNTY, ET AL.                                                    7
Case No. 1:15-cv-00299-BLW

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 1st day of July 2016, I served a true and correct copy of the foregoing DISCOVERY PLAN to the following person(s) by the following method

Scott Muir
Deputy City Attorney
BOISE CITY ATTORNEY'S OFFICE
150 N. Capitol Boulevard
P.O. Box 500
Boise, Idaho  83701-0500

_____Hand Delivery
_____U.S. Mail
_____ Certified Mail
\_\_\_X\_\_\_Facsimile 208.384.4454

Terry K. Martin
Idaho Bar No. 3475

PLAINTIFF'S DISCOVERY PLAN
BALES v. ADA COUNTY, ET AL.
Case No. 1:15-cv-00299-BLW