UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAYNE BALES (f/k/a RAYNE AHO), an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF BOISE, et al.,<br><br>Defendants. | Case No. 1:15-cv-00299-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**MEMORANDUM DECISION**

Plaintiff Rayne Bales claims that Boise City and two of its police officers violated her constitutional rights when they arrested and jailed her on the mistaken belief she was violating several No Contact Orders (NCOs). In fact, the NCOs had been dismissed eight months before Bales was arrested on August 4, 2013. Despite having access to this evidence, the officers delayed releasing Bales for many hours, she alleges.

Bales originally sued a number of police officers, Ada County, Canyon County, and the City of Boise. She alleged claims for (1) unlawful search and seizure under 42 U.S.C. § 1983; (2) unlawful search and seizure under state law; (3) excessive force under 42 U.S.C. § 1983; (4) negligence under state law; (5) false arrest and imprisonment under state law; and (6) failure to adequately train and supervise under 42 U.S.C. § 1983.

Bales later agreed to dismiss several of the officers, Ada County, Canyon County, and her state law claims. The case is now proceeding only against the City of Boise and its two officers on the federal claims.

**Memorandum Decision & Order – page 1**

The parties were unable to agree on a discovery plan and have submitted their proposals for the Court to resolve. They were able to agree that only ESI created or received between August 4, 2013, and August 5, 2016 will be preserved. Their dispute centers largely on the level of detail that should go into the discovery plan – the plaintiff wants more detail while the defendants seek less.

For example, in identifying the material to be preserved (that was created during the agreed-upon three-year period between 2013 and 2016) the defense proposes to preserve "ESI which is relevant to the issues in this case," while the plaintiff proposes to preserve certain specific material (emails, texts, and electronic data relating to Bale's arrest) from five named custodians stored in four specifically-identified data bases. The plaintiff also describes the eight subjects she intends to focus on during discovery.

The plaintiff's proposed discovery plan is a model of clarity and focus – it is the opposite of a fishing expedition. It appears limited to issues directly relevant to her claims. While the defense might later raise specific proportionality defenses – such as that the costs of certain aspects of the plan outweigh the benefits – those flaws are not apparent on the face of the plan at this time.

The Court will therefore adopt plaintiff's proposed discovery plan. This adoption is without prejudice to the defendants' right to raise specific objections as discovery proceeds.

**ORDER**

In accordance with the Memorandum Decision set forth above,

**Memorandum Decision & Order – page 2**

NOW THEREFORE IT IS HEREBY ORDERED, that the Discovery Plan (docket no. 41) proposed by the plaintiff is hereby ADOPTED by the Court.

DATED: July 11, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court